IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIE DOWNS, as Administrator of the Estate of BRIAN DOWNS, and on behalf of his Next of Kin, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 23-CV-3066-SLD<br>) |
| COUNTY OF MORGAN, et al., | )<br>) |
| Defendants. | ) |

**MOTION FOR A FINDING OF GOOD FAITH SETTLEMENT**

Julie Downs, as Administrator of the Estate of Brian Downs, and on behalf of Next of Kin ("Plaintiff") has settled all claims against Defendants Morgan County, Morgan County Sheriff Mike Carmody (in his official capacity), Tim Megginson, Trever[1] Prather, Kurt Borman, Colton Brown, Dylan Bunfill, Kenneth Weston Crews, Justin Gill, Landon Hart, Ian Hayes, Adam Hillis, Austen Manley, Clayton Sexton, and Dawn R. Graham, RN (collectively, the "County Defendants").

Plaintiff and the County Defendants, hereafter collectively referred to as the "Settling Parties," through their respective attorneys, now jointly move this Court for a finding that the settlement between them was made in good faith. In support, the Settling Parties state:

1.    In January 3, 2024, Plaintiff filed a 15-count first amended complaint (Doc.43) against the County Defendants; as well as Advanced Correctional Healthcare, Inc., and its employees, Jessica Young, Karen Fowler, and Mary Dambacher (collectively referred to as the "ACH Defendants"); and Passavant Memorial Area Hospital Association, d/b/a Jacksonville

---

[1] First name incorrectly spelled as "Trevor" in first amended complaint (Doc. # 43)

1

Memorial Hospital and Helen Kwong, M.D. (collectively referred to as the "Hospital Defendants").

2.     The first amended complaint asserts federal claims based on alleged violations of the Fourteenth Amendment and state law claims, including wrongful death and survival, against the County Defendants and ACH Defendants, as well as state law claims of wrongful death and survival against the Hospital Defendants, arising out of the death of Brian Downs in Morgan County in April 2022. (Doc. 43)

3.     The Settling Parties, through their respective attorneys, negotiated and agreed to settle all of Plaintiff's claims against the County Defendants on November 5, 2024. The settlement release executed by Plaintiff is attached as Exhibit A.

4.     On November 27, 2024, the Circuit Court of the Seventh Judicial Circuit of Illinois, Morgan County, approved the settlement between the Settling Parties. (Case no. 2023-PR-4).

5.     The Settling Parties now seek from this Court a finding that the settlement was made in good faith under both federal and state law.

6.     This Court has the authority to make such a finding under federal common law. *See, Fox ex rel. Fox v. Barnes*, No. 09-cv-5453, 2013 WL 2111816 at **3-4, 7-8 (N.D. Ill. May 15, 2013) (Holderman, J.); *see also Awalt v. Marketti, et al.*, No. 11-cv-5142, Dkt. No. 471 (N.D. Ill. July 28, 2015) (Durkin, J.) (finding good faith in settlement agreement between plaintiff and county defendants where jail medical providers were non-settling defendants); *Siwula v. Lake County, Illinois, et al.*, No. 12-cv-2096 (N.D. Ill. Feb. 2, 2014) (Kennelly, J.) (same).

7.     Further, as this case involves state law claims under the Court's supplemental jurisdiction, the Court has authority under Illinois common law and the Illinois Joint Tortfeasor

Contribution Act, 740 ILCS 100/0.1, *et seq*. in determining whether the settlement was made in good faith. When a plaintiff sues more than one defendant for injury in tort, the Contribution Act releases the settling defendant from liability for contribution to the remaining defendants if the settlement was made in good faith. 740 ILCS 100/2(c)–(d); *Freislinger v. Emro Propane Co*., 99 F.3d 1412, 1416 (7th Cir. 1996) (citing 740 ILCS 100/2(d)). "The 'good faith' of a settlement is the only limitation which the Contribution Act places on the right to settle, and it is the good-faith nature of a settlement that extinguishes the contribution liability of the settling tortfeasor." *Johnson v. United Airlines*, 203 Ill.2d 121, 128, 784 N.E.2d 812 (Ill. 2003) (citations omitted).

8. "When a trial court is notified that a settlement has been reached and is asked to determine the good faith nature of the settlement, the court should rule on the good faith of the settlement as soon as practicable, apart from and in advance of any trial on the tort issues." *Sachs v. Reef Aquaria Design, Inc*., 2008 WL 780633 at *3 (N.D. Ill.., Mar. 20, 2008), citing *Johnson*, 784 N.E.2d at 818 (internal quotations omitted).

9. The question of whether a settlement is made in good faith "is a matter left to the discretion of the trial court based upon the court's consideration of the totality of the circumstances." *Johnson*, 784 N.E. 2d at 821.

10. The settling parties bear the initial burden of making a preliminary showing of good faith; but once that preliminary showing has been made, the challenging party must prove the absence of good faith by a preponderance of the evidence. See *Antonicelli v. Rodriguez*, 2018 IL 121943, ¶ 23, 104 N.E.3d 1211; *Fox*, 2013 WL 2111816, at *10 (N.D. Ill. May 15, 2013) (noting, under federal law, the burden of proving bad faith is on the non-settling party (citing *King v. Acosta Sales & Mktg., Inc*., 678 F.3d 470, 474 (7th Cir. 2012)); *Sachs*, 2008 WL 780633 at *3 (same).

11. To evaluate whether a settlement was made in good faith, a court may consider the following factors: (1) whether the amount paid by the settling tortfeasor was within a reasonable range of the settlor's fair share; (2) whether there was a close personal relationship between the settling parties; (3) whether the plaintiff sued the settlor; and (4) whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement. No single factor is determinative. *Sachs*, 2008 WL 780633 at *3. "A settlement is not in good faith if it is shown that the settling parties engaged in collusion, fraud, unfair dealing, or wrongful conduct." *Id*. at *4.

12. In this case, the totality of circumstances shows that the settlement between Plaintiff and the County Defendants was made in good faith. To begin with, the Settling Parties entered into a settlement supported by adequate consideration after they conducted adequate written discovery to determine the costs and benefits of proceeding past this point in the litigation. See Exhibit A (settlement agreement). Settlements involving the exchange of consideration have been held to be prima facie valid and, therefore, presumed to be in good faith. *Sachs*, 2008 WL 780633 at **3-4.

13. Moreover, there is no personal relationship between the Settling Parties. On the contrary, Plaintiff sued the County Defendants. Further, the negotiations between the Settling Parties were conducted at arms-length and in good faith through their respective attorneys since May 16, 2023, when they attended a settlement conference with Magistrate Judge Hawley, which was also attended by the Medical Defendants[2]. The Settling Parties could not reach agreement in the settlement conference, but continued negotiating through their attorneys afterwards, and eventually reached agreement in November 2024. Neither Plaintiff nor the County Defendants

---

[2] The Hospital Defendants did not participate in the settlement conference.

have tried to conceal information about the circumstances surrounding the settlement from the non-settling Defendants.

14. For all these reasons, the Settling Parties have met their burden of showing that the settlement was made in good faith. *See id.*; *see also Antonicelli,* 2018 IL 121943, ¶ 23 (settling parties' burden "is met with proof of a legally valid settlement agreement.").

15. Plaintiff will file a motion to dismiss with prejudice all claims against the County Defendants in accordance with the terms of their settlement agreement or the orders of this Court upon this Court's finding that the settlement between them was made in good faith, and receipt of payment from the County.

16. Although all of Plaintiff's claims against the County Defendants will be dismissed, this matter shall continue and proceed against the remaining ACH Defendants and Hospital Defendants.

For these reasons, the Settling Parties – Plaintiff Julie Downs, as Administrator of the Estate of Brian Downs, and on behalf of Next of Kin and County Defendants Morgan County, Morgan County Sheriff Mike Carmody, Tim Megginson, Trever[3] Prather, Kurt Borman, Colton Brown, Dylan Bunfill, Kenneth Weston Crews, Justin Gill, Landon Hart, Ian Hayes, Adam Hillis, Austen Manley, Clayton Sexton, and Dawn R. Graham, RN - jointly request this Court to enter an order finding that the settlement between Plaintiff and the County Defendants was made in good faith under federal common law and the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/0.1, *et seq*.

Respectfully submitted,

/s/ Bhairav Radia
Bhairav Radia
*Attorney for the County Defendants*

/s/ (with consent)
Richard D. Frazier, #6193113
*Attorney for Plaintiff*

---

[3] First name incorrectly spelled as "Trevor" in first amended complaint (Doc. # 43)

IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: (847) 291-0200
Email: bradia@ifmklaw.com

Cherry, Frazier & Sabin, LLP
1 W. Old State Capitol Plaza, Ste 800
Springfield, Illinois 62701
Phone: (217)753-4242
Email: frazier@springfieldlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIE DOWNS, as Administrator of the Estate of BRIAN DOWNS, and on behalf of his Next of Kin, )<br><br>Plaintiff, )<br><br>v. )<br><br>COUNTY OF MORGAN, et al., )<br><br>Defendants. ) | Case No. 23-CV-3066-SLD |

### CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2024 I electronically filed the attached ***Motion for a Finding of Good Faith Settlement*** with the Clerk of Court, which will send notification of such filing to all registered CM/ECF participants.

By: *s/Bhairav Radia*
Bhairav Radia, #6293600
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Fax:    847/291-9230
E-mail: bradia@ifmklaw.com