E-FILED
Wednesday, 27 November, 2024  11:34:36 AM
Clerk, U.S. District Court, ILCD

## RELEASE OF CLAIMS

This release of claims (hereafter, "Release") is made and entered into Julie Downs, as Administrator of the Estate of Brian Downs, and on behalf of his Next of Kin, (hereafter, "Plaintiff").

## RECITALS

There is presently pending in the U.S. District Court for the Central District of Illinois, a lawsuit known as *Downs v. Morgan County*, *et al.*, case no. 23-cv-03066-SLD-JEH, in which Plaintiff brought claims on behalf of the estate of her deceased son, Brian Downs (hereafter, "Decedent") against defendants Morgan County (the "County"); Morgan County Sheriff Mike Carmody, ("the Sheriff"); and their employees, Tim Megginson, Trever Prather, Kurt Borman, Colton Brown, Dylan Bunfill, Kenneth W. Crews, Justin Gill, Landon Hart, Ian Hayes, Adam Hillis, Austen Manley Clayton Sexton, and Dawn Graham ("Individual County Defendants"), arising from the detention of Decedent in the Morgan County Jail and his death on or about April 25, 2022.

Hereinafter, the lawsuit is referred to as "Lawsuit;" the County, the Sheriff, and the Individual County Defendants are collectively referred to as "County Defendants;" and Plaintiff and the County Defendants are collectively referred to as the "Parties" and each as a "Party."

The Parties, having had the advice of their respective counsel, determined that to avoid the uncertainty, expense, and burden associated with further litigation it is in their individual and mutual interest to settle all claims of Plaintiff against the County Defendants arising from the detention and death of Decedent in the Morgan County Jail in 2022, whether or not raised in the Lawsuit.

Subsequently, the Parties, through their respective counsel and assisted by in mediation by U.S. District Court Magistrate Judge Hawley, negotiated and reached settlement agreement on June 6, 2024. This Release memorializes the mutual covenants, promises, and terms of the Parties' settlement agreement. Plaintiff expressly agrees as follows:

1.      The foregoing Recitals are incorporated herein by reference and made a part hereof.

2.      **Release of Claims by Plaintiff.**  In exchange for the sole monetary consideration set forth in paragraph 4, Plaintiff herself and on behalf of her next of kin, the Decedent's estate, respective heirs, representatives, assigns, and predecessors or successors in interest agrees to release, waive and forever discharge the County, County Defendants,

# EXHIBIT A

and all of their former and current employees, agents, elected and appointed officials and Board members, primary and excess insurers, including but not limited to the Illinois Counties Risk Management Trust, Old Republic Specialty Insurance Underwriters, Rockville Risk Management Associates, and all other related persons, firms, corporations, associations, or partnerships and successors, heirs, assigns, and their attorneys (collectively referred to as "Releasees") from any and all claims, liabilities, actions, causes, rights, costs, loss of services, expenses, compensation, debts, sums of money, covenants, contracts, agreements, promises, damages, controversies, judgments, and demands whatsoever in law or in equity, known or unknown, which Plaintiff has, had, or may have against the Releasees arising out of or relating to the Decedent's detention and death in the Morgan County Jail in 2022.

**2.1**    Plaintiff further acknowledges that the release set forth in paragraph 2 covers claims and causes of action against the Releasees for any form of damages, whether compensatory, punitive, statutory, or otherwise, and includes claims and causes of action for all forms of costs, fees (including attorney's fees), or expenses, which have accrued against the Releasees as a result of the Decedent's detention and death in the Morgan County Jail before the date of the execution of this Release, including, but not limited to, the claims and causes of actions brought against the Releasees in the Lawsuit.

**2.2**    Plaintiff also acknowledges that the release set forth in paragraph 2 covers and bars any and all potential state or federal claims, causes of action, or legal theories, whether brought under statute or common law, which have been brought against the Releasees in the Lawsuit or which could have been brought against the Releasees as a result of the Decedent's detention and death in the Morgan County Jail in 2022, whether known or unknown, suspected or unsuspected, regardless of whether Plaintiff discovers additional facts or legal theories against the Releasees after the execution of this Release.

**2.3**    The Parties agree that the term "Releasees" as defined in paragraph 2.0 and used in this Agreement shall not and does not include defendants Advanced Correctional Healthcare, Inc., Jessica Young, Karen Fowler, R.N., Mary Dambacher, The Passavant Memorial Area Hospital Association d/b/a Jacksonville Memorial Hospital, Helen D. Kwong, M.D., or any of their current or former employees, agents, attorneys, insurers, predecessors, or successors in interest, and assigns.

**EXHIBIT A**

3.     **Contingent nature of settlement agreement**. The settlement agreement and this Release and the payment due under paragraph 4 are subject to the following conditions or contingencies:

(a)     Final order approving this settlement agreement and Release entered by the probate division of the Illinois circuit court having jurisdiction over the Estate of Brian Downs.

(c)     Final order entered by the U.S. District Court for the Central District of Illinois (the "Court") finding that the settlement agreement and this Release between the Parties was or has been made in good faith.

4.     **Payment.**  In consideration for the agreements and releases set forth herein, the County, by its insurers and/or excess insurers, shall tender to Plaintiff a total sum of six million dollars ($6,000,000) within 30 days after the after all the contingencies set forth in paragraph 3 are met. The check will be made payable to "Estate of Brian Downs and Cherry, Frazier & Sabin, LLP" The check shall be delivered to counsel for Plaintiff, Richard Frazier, Cherry, Frazier & Sabin, LLP at 1 W. Old State Capitol Plaza, Ste 800, Springfield, IL 62701.

Upon cashing of the check by Plaintiff's counsel, payment will be deemed received by Plaintiff, and the County's obligation to pay under this Release shall be considered satisfied.

5.     **Dismissal of Claims.** Plaintiff agrees to take necessary action to dismiss with prejudice all claims against the County Defendants and /or Releasees and terminate the County Defendants from this Lawsuit immediately after Plaintiff's counsel receives the payment from the County or its insurer; or in accordance with the Court's orders in this case.

6.     **No Admission of Wrongdoing.** Plaintiff understands and agrees that this the settlement and this Release was reached to settle and compromise uncertain and disputed claims, and that this Release and the payment made under it are not to be construed as an admission of any fault, wrongdoing, or liability on the part of the County Defendants or any of the other Releasees. The County Defendants and the other Releasees continue to deny any and all fault, wrongdoing, or liability with respect to the Decedent's detention and death in the Morgan County Jail in 2022; and intend merely to avoid the expenses and burden of further litigation in this matter. Neither this Release nor any of its terms shall be offered or received in evidence in any other action or proceeding or used in any manner whatsoever by Plaintiff or any third party as an

**EXHIBIT A**

admission or concession of liability or wrongdoing on behalf of the County Defendants, or any of the other Releasees.

7.    **Representations and Warranties.**  In agreeing to enter into this Release, the Plaintiff expressly represents and warrants that she has full authority to execute this Release on behalf of herself and Decedent's Estate.  Plaintiff warrants that she has made no assignment of any of these rights to anyone, including any family member of hers or other persons who may make a claim against the County Defendants or any of the Releasees or their agents and employees for monies spent on their behalf for damages she or Decedent's Estate allegedly suffered because of the County Defendants in connection with Decedent's detention and death in the Morgan County Jail in 2022.

8.    **Indemnification.**  Plaintiff acknowledges that no representation has been made by the Releasees as to the appropriate tax treatment of any payments made to Plaintiff under this Release.  Further, Plaintiff agrees that Plaintiff or the Decedent's Estate shall be solely responsible for, and promise and agree to pay, any income or other taxes, interest or penalties owed with respect to the payments referred to in this Release, and will indemnify and hold harmless the Releasees from and against any interest, penalties or taxes as a result of Plaintiff's or the Decedent's Estate's failure to report and pay any taxes due on any of the payments.

Further, Plaintiff agrees to indemnify and hold harmless the Releasees from any and all liens, costs, fees, bills, expenses, liabilities, and losses, which might be or have been incurred against the Releasees as a result of any outstanding medical bills or expenses or rights of reimbursements arising out of the Decedent's Jail detention and death in 2022, including but not limited to any liens asserted by Medicare or Medicaid.  Plaintiff declares that she will hold harmless and indemnify the Releasees from any and all costs, fees, liabilities and losses which might be incurred by indemnitees as a result of any outstanding liens (medical or otherwise) or rights of reimbursements against the Releasees arising out of the Decedent's detention and death in the Morgan County Jail in 2022 underlying the Lawsuit.

9.    **Successors and Assigns.** This Release and the terms, covenants, conditions, provisions, obligations, undertakings, rights and benefits hereto shall inure to the benefit of the Parties, and their respective agents, heirs, executors, administrators, representatives, employees, successors and assigns.

10.    **Attorneys' Fees and Costs.**  Each Party shall bear its own attorneys' fees and costs in connection with the Decedent's detention and death in the Morgan County Jail in 2022, the Lawsuit, the negotiation of the settlement, and execution of this Release.

**EXHIBIT A**

11.    **Entire Agreement.** This Release constitutes the final written expression of all terms of the settlement agreement between the Parties and is a complete and exclusive statement of those terms; and all other representations and agreements are merged into this Release.

12.    **Modification.** This Release may not be modified in any manner, except by duly executed written consent or agreement of all of the Parties.

13.    **Governing Law.** This Release is to be construed in accordance with the laws of the State of Illinois.

14.    **Copies deemed authentic.** Facsimiles and electronically transmitted copies of this executed Release, including copies in pdf format, shall be deemed to be authentic and valid.

Plaintiff, Julie Downs, as Administrator of the Estate of Brian Downs, and on behalf of his Next of Kin, by execution of this Release, represents that she has read the entire document before affixing her signature thereto, that she had an opportunity to and did consult with her attorney before the execution thereof, that she fully understands the terms and conditions of this Release and is voluntarily and freely executing this Release in consideration of the mutual covenants and promises made therein, and that no additional promises, consideration, or payment has been promised to her for executing and signing this Release.

**AGREED and EXECUTED:**

Plaintiff, Julie Downs, as Administrator of the Estate of Brian Downs, and on behalf of his Next of Kin.

Date: 11-5-2024

**EXHIBIT A**